# UNITED STATES COURT OF APPEALS

Filed 6/25/96

## TENTH CIRCUIT

---

GARY LYN MORGAN,

    Plaintiff-Appellant,

v.

MARY PUNCHES, Warden,

    Defendant-Appellee.

No. 95-6433
(D.C. No. CV-95-1332)
(W.D. Okla.)

---

## ORDER AND JUDGMENT*

---

Before **SEYMOUR**, Chief Judge, **KELLY** and **LUCERO**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Gary Lynn Morgan, a pro se prisoner, brought this habeas corpus proceeding alleging various constitutional violations arising from the loss of earned credits. The district court adopted the report and recommendation of a magistrate judge to the extent the report recommended that habeas relief be denied. Mr Morgan appeals and we affirm.[1]

While on preparole status, Mr. Morgan was arrested for concealing stolen property and burglary. As a result he received two misconduct reports, was given a hearing, was found guilty, and lost 264 earned credits. Following a successful appeal on one of the misconduct reports, Mr. Morgan was given a new hearing on both reports. He was again found guilty and received the same punishment. Mr Morgan then filed a petition for writ of mandamus in state district court. After this petition was denied and the denial was affirmed on appeal, Mr. Morgan filed this petition in federal court.

In his federal petition, Mr. Morgan alleges that the manner in which his earned credits were revoked denied him procedural due process and equal protection. Specifically he asserts that he was denied adequate notice and that he was treated differently from a co-arrestee who was also a

---

[1] The district court granted *in forma pauperis* status to defendant for purposes of appeal.

preparolee. The magistrate judge determined that Mr. Morgan had not exhausted his due process claim in state court, and that therefore his petition was a mixed one which should be dismissed for that reason. The magistrate judge ruled alternatively that Mr. Morgan had been provided constitutionally adequate notice and that his due process claim was therefore without merit. The magistrate judge also held that to the extent Mr. Morgan was asserting a denial of equal protection arising from the fact that he was disciplined while his co-arrestee was not, his claim was meritless. We have carefully reviewed the reasoning and authorities relied upon by the magistrate judge, and we affirm dismissal of Mr. Morgan's petition with respect to the above claims of denial of due process and equal protection.

In his objections to the report, Mr. Morgan appears to assert that he was also denied due process because the disciplinary hearing was held while the state criminal charges were pending and that he therefore chose not to make statements in the disciplinary proceedings for fear they would be used against him. Mr. Morgan does not explain how the presumably exculpatory statements he wanted to make in the disciplinary proceedings would have adversely affected his criminal defense. This claim, even if it were properly before us, does not state a constitutional violation.

Finally, we decline to consider the numerous arguments Mr. Morgan raises for the first time on appeal.  See Oyler v. Allenbrand, 23 F.3d 292, 299 n.8 (10th Cir. 1994), cert. denied, 115 S. Ct. 278 (1994)..

We affirm the dismissal by the district court.[2]

ENTERED FOR THE COURT

Stephanie K. Seymour
Chief Judge

---

[2]  We deny as moot Mr. Morgan's motion to substitute or add a respondent.